## Thomas Frost vs. Valentine Hill, Jr.

Prior to the operation of the additional militia act of 1839, c. 399, in an action to recover a fine for the neglect of a private to attend a company training, he may give in evidence as a sufficient defence, that he was laboring under a bodily infirmity and permanent disability at the time of the supposed neglect, although he had not procured a certificate of the surgeon, nor offered an excuse to the commanding officer of the company.

If it be competent for a State legislature to require of one, who is not by the laws of the *United States* subject to enrolment, to obtain a surgeon's certificate as the only proof of that fact, it was not required by any act applicable to cases prior to *Sept.* 20, 1839.

WRIT of Error.    The original suit was brought to recover a fine incurred by *Frost,* the plaintiff in error, by unnecessarily neglecting to appear at a meeting of the company of militia within the bounds of which he resided, and of which *Hill* was clerk.    The meeting was on *Sept.* 19, 1839, and the suit was brought *Oct.* 29, 1839.    *Frost* proved at the trial by a physician, who had frequently prescribed for him, that he was laboring under bodily infirmity and permanent disability at the time of the alleged neglect, and had been for some years immediately preceding.    No excuse had been offered by *Frost.*    *Frost* objected that the action could not be maintained, 1. Because it was proved that *Frost* labored under a permanent bodily disability to do military duty. 2. That the action was not brought within the time prescribed by law.

The Justice decided  that such disability  was no defence to the action, and that the suit  was brought within the time prescribed by law; and adjudged that *Frost* should pay a fine.

*M. Emery,* for the plaintiff in error, made the same objections taken before the Justice.    Under the first he cited *Carter v. Carter,* 3 *Fairf.* 291 ; *Pitts v. Weston,* 2 *Greenl.* 349 ; *st.* 1834, *c.* 121 ; *st.* 1837, *c.* 276 ; *st.* 1839, *c.* 399.

*Leland,* for the defendant in error, contended, that by the last statute where no  certificate from the surgeon of the  regiment was produced, no disability could  be given in evidence  as a defence, unless an excuse had been  made to the commanding officer of the company within the time limited.    The commanding officer is bound to enrol every one  within the bounds of his company, and

the legislature intended that if a person enroled and notified would not make his excuse, so as to prevent the bringing of a suit, that he should pay a fine.

The opinion of the court was by

SHEPLEY J. — It appears from the record that the plaintiff in error proved before the magistrate "that he was laboring under a bodily infirmity and permanent disability at the time of the supposed neglect and for some years before."

·It has been decided, that those "who are permanently disabled either by natural defects or by casualty are excluded from the militia. *Hume* v. *Vance*, 7 *Greenl*. 158. It is said that the act of the 20th of *March*, 1839, c. 399, deprived him of the right to make such proof.

It is not now necessary to decide whether it be competent for a State legislature to require one, who is not by the laws of the *United States* liable to enrolment, to obtain a surgeon's certificate as the only proof of that fact, for the act of 1839 did not take effect in season to affect this suit.

*Judgment reversed.*